UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO


| | | |
|---|---|---|
| ROBERT HOUSEHOLDER, | ) | CASE NO. 4:10 CV0833 |
| | ) | |
| Petitioner, | ) | JUDGE PETER C. ECONOMUS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| J.T. SHARTLE, WARDEN, | ) | |
| F.C.I. ELKTON, et al., | ) | |
| | ) | |
| Respondents. | ) | |

Before the court is pro se petitioner Robert Householder's above-captioned action against Warden J.T. Shartle at the Federal Correction Center in Elkton, Ohio (F.C.I. Elkton). Mr. Householder, who is incarcerated at the F.C.I. Elkton, brings this action pursuant to 28 U.S.C. § 2241. Petitioner asserts he is entitled to credit on his federal sentence from January 10, 2005 until June 15, 2005.

*Background*

Mr. Householder was arrested on January 10, 2005 in Winchester, Virginia by local authorities for being a felon in possession of a firearm. He was indicted in the Circuit Court of Frederick County Virginia on March 10, 2005. He subsequently pleaded guilty to these charges.

One month after his indictment in Frederick County, Mr. Householder was indicted in Morgan County West Virginia on charges of grand larceny, breaking and entering, and being a

felon in possession. He pleaded guilty to grand larceny and was sentenced to a 1-10 year sentence to run consecutively to any sentence imposed by the commonwealth of Virginia. Petitioner was then returned to Virginia.

The United States Marshal Service transported Mr. Householder via writ of habeas corpus ad prosequendum on April 6, 2006 from a commonwealth facility to a federal facility in West Virginia. He was transported to the United States District Court for the Northern District of West Virginia where he was indicted on January 18, 2006. United States v. Householder, No. 3:06cr000 (N.D. WV). After pleading guilty to the federal charges, Mr. Householder was sentenced to a term of 76 months on July 6, 2006, to be served concurrent with his Virginia sentence.

Petitioner filed a Request for Administrative Remedy at F.C.I. Elkton on August 18, 2009 requesting jail credit on his federal sentence from January 10, 2005 until his sentence was imposed on July 6, 2006. The Request was denied by F.C.I. Elkton staff, who explained petitioner was not entitled to jail credit after June 15, 2005 because he was no longer exclusively in federal custody, but was also serving a sentence imposed by the commonwealth of Virginia. Mr. Householder's appeal to Warden Shartle was also denied for the reasons explained above. The warden noted petitioner was awarded jail credit on his federal sentence from January 10, 2005 until June 15, 2005. Petitioner then filed an appeal to the Regional Office, which denied his request because he had already received credit on a portion of the time for which he was seeking credit on his federal sentence. Mr. Householder's appeal to the Central Office on December 3, 2009 was received, but petitioner "has yet to receive any response other than requests for extensions that were only extensions until March 28, 2010." (Pet.at 6.) He filed his petition in this court on April 21, 2010.

*Analysis*

Mr. Householder argues he is being denied jail credit to which he is entitled pursuant to 18 U.S.C. § 3585. He refers to a notation in his Judgment and Commitment (J&C) wherein the sentencing court stated:

> The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:
>
> SEVENTY-SIX (76) MONTHS, TO RUN CONCURRENTLY TO THE SENTENCE DEFENDANT IS PRESENTLY SERVING ON VIRGINIA STATE CHARGES, WITH CREDIT GIVEN FROM JANUARY 10, 2005.

Householder, No. 3:06cr000 (J&C of 7/6/06.) Relying, in part, on the language in the court's J&C, petitioner asserts the court clearly intended to grant him credit from January 10, 2005 until it imposed his sentence on July 6, 2006. He acknowledges that sentence credit is generally not credited twice, but argues his case is an exception to that rule.

**Petitioner maintains that 18 U.S.C. § 3585(b) allows 'double credit' if the sentence for which a prisoner already received credit was the product of his original offense and that his state offense occurred after his federal offense, credit should be applied to the federal sentence.** He further cites United States v. Richardson, 901 F.2d 867 (10th Cir. 1990) for the proposition that he is entitled to federal sentence credit because he was in 'official federal custody' during the time for which he seeks credit. Mr. Householder maintains:

> if the state were to have dismissed all the charges against him, the federal government would have picked him up or in other words the federal government would not have let him go making him technically under official federal custody.

3

(Pet. at 5.) It is on this basis that he seeks credit on his federal sentence from January 10, 2005 through July 6, 2006.

*Standard of Review*

Once an application for a writ of habeas corpus is filed, a judge "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Based on the facts set forth above, petitioner is not entitled to habeas relief in this matter.

*28 U.S.C. § 2241*

For prisoners seeking to challenge the "legality or duration" of confinement, habeas corpus proceedings are the proper mechanism. Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A federal prisoner must first exhaust his available remedies before filing a § 2241 petition for habeas corpus relief. Little v. Hopkins, 638 F.2d 953, 953-54 (6th Cir.1981) (per curiam). The BOP provides a 3-step administrative procedure for inmates who seek formal review of their complaints. See 28 U.S.C. §§ 542.10-542.19. BOP Program Statement (PS) 1330.13, "Administrative Remedy Program," outlines the procedure and provides detailed guidance regarding the procedures to be employed. Prisoners may first "seek informal review of an issue which relates to any aspect of [their] confinement." 28 C.F.R. § 542.10. If unsuccessful, prisoners must thereafter utilize the formal procedures which involve the filing of a BP-9 (to the Warden), BP-10 (to the appropriate BOP Regional Office), and BP-11 (BOP National Inmate Appeals) form. Id. §§ 542.13, 542.14, 542.15, 542.18. The BP-11 appeal "is the final administrative appeal." Id. § 542.15(a). Only after this three-step review process is completed, can a BOP inmate's claim be considered exhausted.

Mr. Householder alleges he submitted a BP-11 form to the Central Office on December 3, 2009. He argues, however, that the BOP failed to provide any response. Pursuant to § 542.18, the BOP's failure to timely respond to any grievance must be considered to be a denial at that level requiring petitioner to seek further review at the next level.[1]  Inasmuch as petitioner pursued his administrative remedies to the final stage, he could not proceed to the next level in the administrative review process.  While he alleges the Central Office requested an extension March 28, 2010, it failed to provide a response by that deadline. Thus, the court considers the BOP's failure to respond a denial and petitioner has fully exhausted his administrative remedies.

*Sentence Credit*

The Attorney General, through the BOP, calculates any sentence credits to which a federal defendant may be entitled for pre-sentence time spent in official detention. United States v.

---

[1]The Rule provides:

> If accepted, a Request or Appeal is considered filed on the date it is logged into the Administrative Remedy Index as received. Once filed, response shall be made by the Warden or CCM within 20 calendar days; by the Regional Director within 30 calendar days; and by the General Counsel within 40 calendar days. If the Request is determined to be of an emergency nature which threatens the inmate's immediate health or welfare, the Warden shall respond not later than the third calendar day after filing. If the time period for response to a Request or Appeal is insufficient to make an appropriate decision, the time for response may be extended once by 20 days at the institution level, 30 days at the regional level, or 20 days at the Central Office level. Staff shall inform the inmate of this extension in writing. Staff shall respond in writing to all filed Requests or Appeals. <u>If the inmate does not receive a response within the time allotted for rep ly, including extension, the inmate may consider the absence of a response to be a denial at that level</u>.

28 C.F.R. §542.18(emphasis added).

Wilson, 503 U.S. 329, 334-37 (1992); McClain v. Bureau of Prisons, 9 F.3d 503, 505 (6th Cir.1993). To fulfill this duty, the BOP must know how much of the sentence the offender has left to serve. Because the offender has a right to certain jail-time credit under § 3585(b), and because the district court cannot determine the amount of the credit at sentencing, the Attorney General has no choice but to make the determination as an administrative matter when imprisoning the defendant. Wilson, 503 U.S. at 335; United States v. Crozier, 259 F.3d 503, 520 (6th Cir. 2001)("Power to grant credit for time served lies solely with Attorney General and Bureau of Prisons"); 18 U.S.C.A. § 3585(b).

A defendant can receive sentence credit for any time that he has been incarcerated prior to the commencement of his sentence if he was incarcerated "(1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence." 18 U.S.C. § 3585(b)(emphasis added). Thus, a defendant cannot receive "a double credit for his detention time." Wilson, 503 U.S. at 337.

Mr. Householder is not entitled to credit toward his current federal sentence for the entire seventeen-month period of time he seeks. The BOP awarded petitioner federal sentence credit from January 10, 2005 until his state sentence was imposed on June 15, 2005. The record indicates he then received eleven months credit, from June 16, 2005, and July 7, 2006, toward his state sentence. Because Mr. Householder already received credit toward his state sentence for a portion of the time for which he is now seeking federal sentence credit, he may not receive the same credit against both sentences. See 18 U.S.C. § 3585(b); Wilson, 503 U.S. at 337; McClain, 9 F.3d at 505. If petitioner were credited for this time against his current federal sentence, he would receive improper double credit. See 18 U.S.C. § 3585(b); Wilson, 503 U.S. at 337; McClain, 9 F.3d at 505.

6

Mr. Householder's suggestion that he is entitled to have the entire seventeen month period credited to his federal sentence does not compel a different result. Relying on Tenth Circuit's opinion in Richardson, he raises the hypothetical argument that he would have been held in exclusive federal custody if the commonwealth of Virginia dropped the charges against him. This argument is without merit, as the Commonwealth did not drop the charges against Mr. Householder. His situation, therefore, is not the same as that of a defendant who would otherwise have been released 'but for' a pending federal charge. Nor is his circumstance the same as the defendant in Richardson who, after being arrested on a state offense that was dropped, remained in custody solely because of a federal charge. See Richardson, 901 F.2d at 870. Moreover, petitioner's pending federal charge did not affect the duration of his state confinement.

Here, petitioner was not in exclusive federal custody from June 16, 2005 until his federal sentence was imposed on July 7, 2006. His argument is pure speculation, as the 'possibility' that charges will be dropped does not equate with entitlement to sentence credits.

*Conclusion*

Based on the foregoing, this petition is denied pursuant to 28 U.S.C. § 2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

S/Peter C. Economus - 9/3/10
PETER C. ECONOMUS
UNITED STATES DISTRICT JUDGE

7